IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GARRETT, #786065 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv310 |
| KIMBERLY SULSER, ET AL. | § | |

MEMORANDUM OPINION ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Garrett, an inmate confined within the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging purported violations of his constitutional rights. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**I. Garrett's Underlying Claims**

In his second amended complaint, (Dkt. #35), Garrett maintains that in May 2015, while he was incarcerated at the Michael Unit, he received a job transfer in which new duties required him to climb up and down stairs, which resulted in debilitating pain in his right knee and hip. Subsequently, on June 1, his leg "gave out" while walking, causing him to stumble and fall. Garrett states that the medical staff at the Michael Unit gave him "cursory" exams, basically dismissed him, refused to issue him a walker or crutches, and refused to treat or diagnose him for weeks—despite multiple requests and visits.

Garrett further highlights how he slipped on June 29, causing him to black out, fall onto the concrete, and sustain a severe hip fracture. Once at medical, Garrett contends, a nurse repeatedly and intentionally twisted his foot and leg, causing unbearable pain and illustrating her

and the medical department's deliberate indifference to his medical needs. After weeks of failing to treat and provide pain medication, Garrett was taken to a hospital in Galveston and underwent hip surgery on July 10. He explains that the surgeon repaired the fracture with a "screw and sliding plate assembly."

Furthermore, Garrett explains that even after his hip surgery on July 10, 2015, the new "hardware" in his hip "malfunctioned" and fractured "all over again." He says his first felt this new pain on April 7, 2016, reported it on April 21, 2016, and was given x-rays on April 26, 2016. Prison officials apparently would not tell him what those x-rays revealed until he was transported to John Sealy Hospital on May 12, 2016. At the hospital, a doctor explained to Garrett that a screw was penetrating into his hip joint, prescribed him Tylenol 3 pain medication, and scheduled him for a CT scan and a hip clinic appointment.

Garrett further avers that once he returned to the Michael Unit on May 13, 2016, prison nurses and officials repeatedly refused to administer him his Tylenol 3 medication. He asserts that he "was again refused any pain medication and forced to continue in pain and experience the sharp increase of pain due to ambulation with his failed hip surgery."

Furthermore, Garrett states that Defendant Dr. Wright refused "authorization for him to receive Tylenol 3" despite receiving the prescription at the hospital. Garrett highlights how he underwent hip replacement surgery on June 30, 2016—but he was never given any pain medication between the time he was first prescribed Tylenol 3 on May 12, 2016. He maintains that "this general denial of efficacious pain medications was done deliberately and intentionally to cause [him] undue pain, and while he was given less [effective] pain medications, he asserts that he was caused to remain in pain due to this deliberate indifference.

A review of Garrett's complaint and attachments show that he is complaining about medical care, delays, and treatments throughout three distinct time periods: (1) immediately after his initial fall on June 1; (2) after his second fall when he slipped and fractured an already injured hip; and (3) before and after discovering that a screw was penetrating his hip, which necessitated hip replacement surgery.

**II. Defendants' Motion for Summary Judgment the Magistrate Judge's Report**

Defendants Shrode, Damm, Wright, and Thornton insist that Garrett's civil rights lawsuit must be dismissed because he failed to exhaust his administrative remedies as to them, personally. (Dkt. #33). Defendants Shrode and Thornton explain that because Garrett never mentioned them specifically in his Step 1 or Step 2 grievances, he has failed to exhaust his required administrative remedies as to the claim against them. Moreover, as to Defendants Wright and Damm, Garrett only mentioned them by name in one grievance, no. 2016144911. However, because his Step 2 grievance was untimely filed, Defendants contend, he failed to exhaust as to his claims against them as well.

On June 25, 2018, the Magistrate Judge issued a Report, (Dkt. #81), recommending that Defendants' motion for summary judgment based solely on exhaustion should be denied. Specifically, the Magistrate Judge examined the summary judgment evidence—which included a several of Garrett's submitted grievances—and determined that Garrett had exhausted his administrative remedies before filing his lawsuit. The Magistrate Judge found that he sufficiently provided medical and prison officials at the Michael Unit with fair and adequate notice of his various medical complaints. Garrett has filed timely objections, (Dkt. #83). Defendants have not filed objections to the Report.

### III. Garrett's Objections and Discussion

In his objections, Garret states that his slip and fall did not occur "inside the shower," but rather occurred outside of the shower area and near the living areas. Moreover, he notes that the nurse "twisted his foot and leg, but that this was done prior to Plaintiff being loaded onto the gurney."

The Court notes Garrett's objections. However, his objections deal with facts and not the substantive issue of whether he properly exhausted his administrative remedies. In other words, Garrett's notation and correction of the facts is irrelevant to the question of whether he sufficiently exhausted. Accordingly, while the Court notes Garrett's attempt to better acquaint the Court with the facts of his case, his objections will be overruled.

### IV. Conclusion

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's Report. *See* 28 U.S.C. § 636(b)(1) (District Judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and Garrett's objections are without merit. Consequently, it is

**ORDERED** that Plaintiff's objections, (Dkt. #83), are overruled. The Magistrate Judge's Report and Recommendation, (Dkt. #81), is **ADOPTED** as the opinion of the Court. It is also

**ORDERED** that Defendants Shrode, Damm, Wright, and Thornton's motion for summary judgment on exhaustion, (Dkt. #33), is **DENIED**. As Defendants' motion for summary judgment on exhaustion is denied, this case will continue to proceed.

So **ORDERED** and **SIGNED** this **19** day of **August, 2018.**

_____
Ron Clark, Senior District Judge