IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GARRETT, #786065 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv310 |
| KIMBERLY SULSER, ET AL. | § | |

<u>MEMORANDUM OPINION ADOPTING REPORT OF THE UNITED
STATES MAGISTRATE JUDGE GRANTING PARTIAL SUMMARY JUDGMENT</u>

Plaintiff Christopher Garrett, a prisoner currently confined at the Jester 3 Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit alleging violations of his constitutional rights occurring at the Michael Unit. The case was referred to the United States Magistrate Judge, the Honorable Judge John D. Love, pursuant to 28 U.S.C. § 636(b)(1) and (3) as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Plaintiff filed many claims concerning alleged deliberate indifference to his serious medical needs. Defendants were ordered to answer and have filed a motion for summary judgment, (Dkt. #107). On February 12, 2019, Judge Love issued a Report, (Dkt. #122), recommending that Defendants' motion for summary judgment be granted, in part, and denied, in part.

Specifically, Judge Love found that Defendants failed to address a portion of Plaintiff's amended complaint—paragraphs one through twenty-eight. Therefore, summary judgment could not be granted on claims Defendants failed to move for and failed to produce summary judgment evidence for. Judge Love recommended that summary judgment be granted on the remaining claims because Plaintiff's medical records showed that prison officials did not act with deliberate indifference after his second fall on June 29, 2015. Both Plaintiff and Defendants have

1

filed objections, (Dkt. #'s 126, 133). Plaintiff has filed a reply to Defendants' objections, (Dkt. #136).

**I. Defendants' Objections**

Defendants make the following objections: (1) the Report relies on a non-existent pleading; (2) the Magistrate Judge failed to differentiate which claims Plaintiff stated; (3) the Report "left the parties" directionless; and (4) paragraphs one through twenty-eight do not state a claim. Generally, Defendants insist that the Magistrate Judge "surprised" Defendants by considering Plaintiff's claims—paragraphs one through twenty-eight—as independent claims of deliberate indifference. A review of Defendants' objections illustrates that (1) they are displeased that the Magistrate Judge found that they failed to address several of Plaintiff's claims; (2) that they were not granted summary judgment on those missed claims; and (3) as a result, they could could only be granted partial summary judgment.

The Court reminds Defendants that this is a prisoner civil rights lawsuit, filed by a *pro se* litigant. It is well-settled that pleadings filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. As such, courts must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014) (unpublished) (same).

As an initial matter, Defendants claim that the Magistrate Report relies on a "non-existent pleading" is without merit. Defendants maintain that Plaintiff's second amended complaint, (Dkt. #35), is the operative pleading and the Report did not treat it as such. This is a trivial objection.

In all of Plaintiff's complaints—both original and amended—(Dkt. #'s 1, 21, 35), Plaintiff's claims are unchanged. Plaintiff raised paragraphs one through twenty-eight throughout this case. As Plaintiff explains in his response to these objections, the amended complaint only added paragraphs to the end of the complaint while leaving paragraphs one through twenty-eight unchanged. Consequently, regardless of which amended complaint is cited in the Report, the result would have been the same: Defendants wholly failed to address a significant portion of Plaintiff's amended complaint—claims that Plaintiff, a *pro se* litigant, raised in all his complaints, amended or otherwise. This objection is overruled.

Next, Defendants claim that the Magistrate Judge "blithely" ordered Defendants to answer Plaintiff's complaint without informing Defendants which claims Plaintiff raised. Specifically, they argue that "[z]ero effort was made to delineate what claims—or claims—the complaint stated or did not state, or against which defendants any claim might apply. The responsibility of discerning what actual and independent claim or claims were stated in Plaintiff's 30 pages of 'pleading' was entirely foisted upon Defendants." They also claim that the Magistrate Judge left Defendants "directionless." Essentially, Defendants suggest that the Court was responsible for explaining to Defendants which claims Defendants were required to answer.

However, it is not the responsibility of the District Court to explain, to Defendants, claims raised by the Plaintiff. This is squarely within the purview of Defendants. The Court is a neutral entity and can neither instruct Plaintiff nor Defendants in resolving claims. As Defendants' counsel is a licensed attorney, the Court expects that counsel has the ability to identify issues and address them in an appropriate manner. If Defendants were uncertain as to the claims raised by Plaintiff, the Federal Rules of Civil Procedure provide several avenues for a responding party to

request clarification—a request for a Rule 7 reply or a motion for a more definite statement. The docket reveals that neither was requested by Defendants.

Defendants also maintain that the Magistrate Judge failed to conduct proper screening of Plaintiff's complaint; however, this claim is purely conclusory and meritless. These objections are overruled.

Lastly, Defendants argue that claims one through twenty-eight of Plaintiff's pleadings fail to state a claim. They argue that paragraphs one through twenty-eight were "a continuum of facts relating to the same basic claim of deliberate indifference to [Plaintiff's] infirmed hip." Defendants fail to recognize that, as Judge Love explained in his Report, Plaintiff fell multiple times beginning on June 1, 2015. Plaintiff raised claims of medical deliberate indifference for weeks after his first fall, for which he argues contributed to his second fall on June 29, 2015. Paragraphs one through twenty-eight of Plaintiff's complaints concern only medical care from June 1, 2015, through June 29, 2015—which Defendants wholly failed to address.

To claim that paragraphs one through twenty-eight were basically "introductory paragraphs" ignores the fact that Plaintiff is raising claims for medical deliberate indifference as to his first fall too. Plaintiff is also claiming that what happened to him in those paragraphs **contributed** to a second fall on June 29, 2015 and, as such, is a continuum. As mentioned, *pro se* litigants must be treated less stringently than lawyers. Judge Love properly reviewed those claims as independent claims of deliberate indifference because without an analysis on those claims, the Court could not address whether alleged deliberate indifference to his medical needs after his first fall on June 1st, 2015 ultimately contributed to his second fall on June 29, 2015. This objection is overruled.

Defendants argue that the Magistrate Judge ignored their assertion of qualified immunity. This is incorrect: Judge Love found that Plaintiff failed to show a constitutional violation with respect to claims twenty-nine onward and determined that Defendants were entitled to qualified immunity as to those claims. Defendants did not invoke qualified immunity in their motion for summary judgment on claims contained in paragraphs one through twenty-eight because, as mentioned, they wholly failed to address those claims. Defendants presented no summary judgment evidence on those claims and, as a result, disputed issues of material fact exist at this time concerning paragraphs one through twenty-eight. Therefore, to the extent that Defendants now invoke qualified immunity on Plaintiff's claims contained in paragraphs one through twenty-eight, this is a new claim raised for the first time on objection—which is not properly before the District Court. *See Place v. Thomas*, 61 F. App'x 120, 2003 WL 342287, *1 (5th Cir. 2003) (unpublished).

Finally, the Court finds that Defendants' tone and language in these objections show show disrespect for the judiciary. The Local Rules of the Eastern District of Texas, of which Attorney Lindsey is a member, require that attorneys appearing in both civil and criminal cases in this Court "owe[] candor, diligence, and utmost respect to the judiciary." *See* Local Rule AT-3(b). Future violations of these Rules may result in appropriate sanctions.

## II. Plaintiff's Objections

In his objections, Plaintiff Garrett first notes that he "maintains" all of his objections to Defendants' motion for summary judgment, (Dkt. #'s 112, 116, 131). The Court notes that frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Furthermore,

many of his objections are attempts to reargue issues thoroughly addressed by Judge Love. Such general objections will not be considered by the Court.

As Judge Love correctly highlighted, deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under section 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), the Supreme Court noted that deliberate indifference involves more than mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*. at 837.

The Fifth Circuit has discussed the high standard involved in demonstrating deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the medical care context, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, "medical records of sick calls, examinations, diagnosis, and medications may rebut an

6

inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41F.3d 232, 235 (5th Cir. 1995).

Plaintiff's remaining objections can best be characterized as challenges to Judge Love's interpretation of the summary judgment evidence. This Court cannot change the standard for competent summary judgment nor what competent evidence is in the record. Plaintiff raises no substantive objections or arguments with regard to Judge Love's analyses; rather, he simply attacks the summary judgment evidence. The competent summary judgment evidence speaks for itself and is not a basis for attacking the Report and Recommendation.

Turning to his first objection, Plaintiff takes issue with Judge Love's citations to precedent indicating that mere disagreement with medical care provided does not constitute deliberate indifference. (Dkt. #133, pg. 6). He states, "Plaintiff has at all times maintained that [Defendants'] gave him no medical care, and this is shown with evidence." *Id*. Plaintiff further states that Dr. Bowers' affidavit is based on erroneous medical records. He also objects to Judge Love's finding that his claims were a classic example of a challenge to professional medical judgements.

Finally, he again notes he was given only a "cursory" exam and that no medical care was provided. Plaintiff's explanation that he was given only a "cursory" medical exam bolsters Judge Love's Report: Such a statement illustrates that Plaintiff was seen by medical providers—and, therefore, not ignored—as well as his mere disagreement with the type of medical exam given. *See, e.g.*, *Clark v. Adams*, 223 F. App'x 400, 401 (5th Cir. 2007) (unpublished) ("Clark's allegations are best described as a disagreement with the medical treatment he has received or, at most, allegations that Dr. Adams was negligent in failing to refer him for surgery. Such disagreement or negligence does not establish a constitutional violation.").

7

Judge Love issued a thorough Report that highlighted Plaintiff's medical records after his second fall on June 29, 2015. Plaintiff's disagreement with how Judge Love interpreted those medical records—i.e., that he was, indeed, provided medical care through numerous medical visits, pain medication, X-ray examinations, hospital visits, and two surgeries—is not a basis to attack the Report. Plaintiff ultimately received a total hip replacement. *See Ganger v. Tangipahoa Parish Jail*, 554 F. App'x 271, 272 (5th Cir. 2014) (Mem.) (unpublished) ("The fact that he may be disappointed with the treatment he received or that he received unsuccessful treatment is insufficient to establish a constitutional violation."). The Court cannot change what the competent summary judgment evidence states.

Turning to Dr. Bowers' affidavit, Plaintiff continues to provide conclusory allegations that his affidavit is "erroneous," because it was based on falsified medical records. As Judge Love explained in his Report, Plaintiff provides no evidence indicating that his medical records were **intentionally** falsified—other than his own conclusory statements. *See, e.g.*, *Knighten v. Ott*, 69 F. App'x 657, 2003 WL 21355964 *1 (5th Cir. May 2003) ("His conclusory assertions that he did not stockpile pills, that he would have received a disciplinary case if he had, and that his medical records were falsified are insufficient to defeat the medical defendants' summary-judgment evidence or to create a genuine issue of material fact.") (unpublished). As a result, his claim remains purely speculative and conclusory.

Plaintiff further challenges the legal standard required for a showing of medical deliberate indifference. Specifically, he repeats phrases of the legal language highlighted above and then states that he "has at all times maintained that the Defendants['] denial and delay of medical care caused the unnecessary, intentional and/or wanton infliction of pain." (Dkt. #133, pg. 8). Plaintiff may sincerely believes that medical personnel acted with deliberate indifference;

however, it is Plaintiff's obligation to meet the legal standards for medical deliberate indifference and Judge Love's Report thoroughly addressed how medical personnel were not deliberately indifference as to his second fall on June 29, 2015. This is a conclusory objection and must be overruled.

Next, Plaintiff objects that his motion for summary judgment, (Dkt. #96), was denied. Contrary to Plaintiff's contention, he is not entitled to summary judgment as a matter of right based on Defendants' failure to refute his own motion for summary judgment.

**C. Summation**

Judge Love's Report and Recommendation thoroughly analyzed the pleadings and the summary judgment evidence. A *de novo* review of Plaintiff's medical records from after his second fall on June 29, 2015, show that medical staff did not act with deliberate indifference. The summary judgment evidence showing Plaintiff's lengthy medical records speaks for itself.

Judge Love highlighted how Plaintiff's medical records showed that after his second fall, he was seen by medical personnel almost immediately, given X-rays, prescribed and received pain medications, examined on multiple occasions, taken to the hospital, underwent surgeries, and ultimately received a total hip replacement. Plaintiff's objections, again, evince his dissatisfaction with the treatment he was provided—but that does not demonstrate a constitutional violation. Plaintiff has provided no independent indication that his medical records were falsified or that Dr. Bowers' affidavit was erroneous based on alleged falsification of medical records.

In fact, Plaintiff filed a third response to Defendants' motion for summary judgment after Judge Love issued his Report, (Dkt. #131), and attached dozens of his medical records, (Dkt. #132) (sealed). Plaintiff's submitted medical records—from June 29, 2015, onward—simply mirror the

medical evidence provided by Defendants. The summary judgment evidence Plaintiff provides plainly refutes any claim of medical deliberate indifference.

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the both Plaintiff and Defendants' objections are without merit. Accordingly, it is

**ORDERED** that Defendants' objections, (Dkt. #126), and Plaintiff's objections, (Dkt. #133), are overruled and the Report of the Magistrate Judge, (Dkt. #122), is **ADOPTED** as the opinion of the District Court. It is also

**ORDERED** that Defendants' motion for summary judgment, (Dkt. #107), is **GRANTED** with respect to Plaintiff's contentions—paragraphs 29 through 147—within his amended complaint. Defendants' motion is **DENIED** in all other respects. Furthermore, it is

**ORDERED** that Plaintiff's motion for summary judgment, (Dkt. #96), is **DENIED**. Additionally, it is

**ORDERED** that Plaintiff's claims—paragraphs 1 through 28—remain before the Court. Finally, it is

**ORDERED** that because the Court has considered Plaintiff's third response, (Dkt. #131), to Defendants' motion for summary judgment, his motion for consideration of this response, (Dkt. #144), is **DENIED** as moot.

So **ORDERED** and **SIGNED** April 25, 2019.

_____
Ron Clark, Senior District Judge