IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER GARRETT, #786065 | § | |
| v. | § | CIVIL ACTION NO. 6:17cv310 |
| KIMBERLY SULSER, ET AL. | § | |

**MEMORANDUM OPINION ADOPTING THE REPORT
OF THE UNITED STATES MAGISTRATE JUDGE AND DISMISSING SUIT**

Plaintiff Christopher Garrett, a prisoner currently confined at the Jester 3 Unit within the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights occurring at the Michael Unit. The case was referred to the United States Magistrate Judge, the Honorable Judge John D. Love, pursuant to 28 U.S.C. § 636(b)(1) and (3), as well as the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

This case concerns Plaintiff Garrett's claims of deliberate indifference to his serious medical needs after two falls—one on June 1, 2015, and the other on June 29, 2015 at the Michael Unit. On February 12, 2019, Judge Love issued a Report, (Dkt. #122), recommending that Defendants' motion for summary judgment, (Dkt. #107), be granted, in part, and denied in part. That Report addressed Garrett's claims for the time period after his second fall—June 29, 2015 onward. This court subsequently adopted that Report, (Dkt. #158), after reviewing objections from both parties.

After Defendants filed a supplemental motion for summary judgment concerning Garrett's claims regarding his first fall on June 1, 2015, (Dkt. #149), Judge Love issued a second Report, (Dkt. #166), recommending that Defendants' supplemental motion for summary judgment be

1

granted and that the entire case be dismissed, with prejudice. Plaintiff Garrett has filed objections to that second Report, (Dkt. #171).

## II. Plaintiff Garrett's Objections

In his first objection, Garrett maintains that Judge Love, as well as Defendants, have "skirted" claims against Defendant Bussey. He cites his amended complaint, (Dkt. #35), and two responses, (Dkt. ## 112, 154), in support of this objection. However, Garrett does not indicate how Judge Love and the Defendants "skirted" over his claims. Frivolous, conclusory, or general objections need not be considered by the District Court; rather, a party objecting to a Magistrate Judge's Report must specifically identify those findings in the Report to which he or she objects. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *see also Valez-Pedro v. Thermo King De Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) (explaining that an objecting party must put forth more than "[c]onclusory allegations that do not direct the reviewing court to the issues in controversy."). This objection is overruled.

Next, Garrett insists that Judge Love continually denied his requests for discovery in this case, claiming that the requests were "essential to his case in the defense against Defendant's supplemental motion for summary judgment." In making this objection, Garrett cites his filed motions/requests for discovery. Once again, however, this is not a specific objection to a finding in Judge Love's Report and Recommendation. In his Enhanced Motion to Conduct Discovery, Plaintiff broadly requested access to employee records and files to show that Defendants had signed forms to adhere to medical protocols and intentionally disregarded these procedures. (Dkt. #90 at 2). Plaintiff also wanted daily personnel rosters to determine the names of other potential defendants. Defendant is not entitled to a fishing expedition or vaguely-worded broad requests.

As the court noted in the Order denying Plaintiff's Motion for Discovery, Plaintiff's request for "documents and things" is not specific, he is not entitled to employee records, and has not shown good cause that interrogatories are necessary. (Dkt. #118 at 1).

Garrett also states that Judge Love "relies on falsified and insufficient documentary evidence submitted by the Defendants." Citing docket entry 79 and 162, he insists that Defendants' documents are "refuted by the Plaintiff and he has shown with evidence that the Defendants submitted unreliable documentary evidence." Again, these are objections that are not specific to Judge Love's Report and Recommendation, and the Court can overrule them for that reason alone.

Nonetheless, the court has reviewed docket entry 79, a "declaration" filed by Garrett, which shows that he was complaining about the result of his submitted grievances: "Of all of the grievances that I filed against the medical department, never have I received a positive response to my grievances. I usually received grievances filled with subterfuge, misdirection, and obfuscation," (Dkt. #79, pg. 1). A review of docket entry 162, Garrett's response to Defendants' supplemental motion for summary judgment, illustrates that Garrett also complained of the contents of the authenticated medical records submitted by Defendants.

However, as explained to him throughout this entire case, Garrett does not have a constitutional right to have his prison grievances resolved to his satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) ("Geiger does not have a federally protected liberty interest in having these grievances resolved to his satisfaction."). Moreover, as Judge Love explained in his first Report and Recommendation, Garrett has not shown that any prison official falsified his medical records. Simply because he is upset or disagrees with what prison officials noted in his medical records—as they provided him with medical treatment—does not mean that the records are either falsified or unreliable. These objections are overruled.

3

In his fourth objection, Garrett maintains that Defendants' supplemental motion for summary judgment should not have been considered because it was "untimely." He argues that some Defendants never moved for an extension of time. This is not a specific objection to Judge Love's findings or conclusions. Further, this is a trivial objection because the supplemental motion for summary judgment was not untimely. The court gave Defendants thirty days to file their supplemental motion for summary judgment after the Order issued March 12, 2019, (Dkt. #138), and they met that timeline. This objection is overruled.

In his fifth objection, Garrett "further objects to the Magistrate Judge's interpretation of medical care &/or medical 'treatment,'" (Dkt. #171, pg. 2). Garrett argues that Judge Love seeks to dismiss his case because he disagrees with the medical care provided; however, he insists that he was ignored, and that no treatment was given. However, as highlighted in both Reports, Judge Love found that Garrett received a significant amount of treatment after both of his falls. Garrett continues to complain that prison medical officials simply looked at his knees but did nothing else, as he cites his amended complaint, (Dkt. #35, paragraphs 8, 9). The authenticated medical records reveal otherwise: One June 1, 2015, medical officials examined Garrett's orientation, alertness, arm strength, leg strength, pupils, and swelling, (Dkt. #151, pg. 12-15). While Garrett repeatedly states that none of these things were examined, he has not shown otherwise. His continued disagreement with the medical treatment provided (or how it was provided) does not demonstrate a constitutional violation. This objection is overruled.

Next, Garrett complains that he was denied access to ambulatory aids even though Defendant Clope performed a "visual examination of the Plaintiff's knees…noting that the left knee was more swollen than the right." (Dkt. #171, pg. 3). As an initial matter, this statement belies Garrett's argument that he was ignored and not treated. The summary judgment evidence

completely refutes that argument. Moreover, as Judge Love correctly found, the denial of ambulatory aids after an examination—one that Garrett concedes occurred—is a classic example of a matter for medical judgment that does not constitute deliberate indifference. *See Thompson v. Crnkovich*, 2019 WL 5078651 *2 (5th Cir. Oct. 9, 2019) (unpublished) ("The BOP considers a cane, like a walker, durable medical equipment available for treating Thompson's condition. The denial of Thompson's request for a walker, either in addition or instead of a cane, therefore does not rise to the level of a constitutional violation."); *see also Wilson v. McGinnis*, 651 F. App'x 263, 264 (5th Cir. 2016) (unpublished) ("Wilson's argument that McGinnis was deliberately indifferent because she did not order a permanent bottom bunk restriction is unavailing, because it represents a mere disagreement with McGinnis's methods to treat his medical problem."). This objection is overruled.

Throughout this case, Garrett has argued that the medical records are falsified. However, as Judge Love found in his first Report and Recommendation, Garrett has provided no evidence to show that any specific medical record was intentionally altered, marked-up, or otherwise falsified. Although Garrett argues that his medical records have been "falsified," he offers nothing to substantiate this assertion and the medical records are supported by a sufficient business record affidavit. *See United States v. Towns*, 718 F.3d 404, 409-10 (5th Cir. 2013).

In his seventh objection, Garrett states that he "objects in that the Magistrate Judge did not allow him to amend his pleadings. But he states that he had already amended his pleadings twice."

In his final objection, Garrett maintains that Judge Love did not make "inferences in the non-moving parties [sic] favor and for not viewing evidence in the light most favorable to the non-moving party." Once again, these are not specific objections to Judge Love's findings in his Report and Recommendation. These objections are overruled.

**III. Conclusion**

This case presents nothing more than Garrett's disagreement with almost every aspect of the medical care he was provided. As Judge Love correctly explained, the deliberate indifference standard is exceedingly difficult to meet—and disagreement with, or a difference of opinion regarding, medical care or treatment does not establish deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530 (5th Cir. 1999). The Fifth Circuit has discussed the high standard involved in demonstrating deliberate indifference as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. And, the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer*, 511 U.S. at 838.

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the medical care context, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does an inmate's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, "medical records of sick calls, examinations, diagnosis, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41F.3d 232, 235 (5th Cir. 1995).

Here, in both Reports, Judge Love outlined the extensive medical treatment Garrett received after both of his falls. In sum, the authenticated medical records show that Garrett was seen and evaluated shortly, if not immediately, after both falls and then medical personnel continued to evaluate and treat him on a regular basis. He received pain medication, was seen by

specialists, was issued a walker pass, and ultimately received a total hip replacement. Garrett has not provided evidence tending to show that medical personnel acted with malicious or wanton disregard for his health. *See Wilson v. Perez*, 2008 WL 4858371 *7 (S.D. Tex. Nov. 10, 2008) ("Where medical records show that a prisoner's complaints were assessed and treated, there is no deliberate indifference.").

Instead, Garrett has shown that he disagrees with how medical personnel at the Michael Unit treated him. While he is absolutely entitled to disagree and express his unhappiness with the treatment given, the sole question before this Court was whether Garrett suffered a constitutional violation. The medical records illustrate that he has not—neither when he first fell, nor with respect to his second fall. At best, Garrett has pleaded a case for negligence—which does not rise to the level of a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The bottom line is that Garrett has not shown that any Defendant has acted with deliberate indifference to his serious medical needs. Judge Love was correct in recommending that Defendants' motions for summary judgment should be granted.

Garrett has argued that the medical records are falsified but has provided no evidence to support this claim. In his Civil Rights Complaint, Plaintiff lists off defendants and states they acted with deliberate indifference to Plaintiff's medical needs, including "intentionally creating policies…to routinely falsify medical records to the detriment of Plaintiff." (Dkt. # 1 at 8). These are unsupported conclusory statements. Because the medical records refute Garrett's claims of deliberate medical indifference, this entire case must be dismissed.

The Court has conducted a careful *de novo* review of the record and the Magistrate Judge's proposed findings and recommendations. The Court has determined that the Report of the United States Magistrate Judge is correct and Plaintiff Garrett's objections are without merit.

Accordingly, it is

**ORDERED** that the findings and recommendations of the United States Magistrate Judge, (Dkt. #166), are accepted by the Court and **ADOPTED.** Plaintiff Garrett's objections, (Dkt. #171), are **OVERRULED**. It is also

**ORDERED** that Defendants' supplemental motion for summary judgment, (Dkt. #149), is **GRANTED**. The above-styled action is **DISMISSED** with prejudice. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

So **ORDERED** and **SIGNED February 5, 2020.**

_____
Ron Clark, Senior District Judge